OPINION
{¶ 1} Appellant Mohd Y. Salem appeals from his conviction in the Court of Common Pleas, Fairfield County, for complicity to commit theft. The relevant facts leading to this appeal are as follows.
 {¶ 2} On August 23, 2003, appellant entered the Gander Mountain store in Reynoldsburg, Ohio, with Marketta Williams and Alaa Kesbeh. Store employee Joe Zarbaugh recognized appellant and Kesbeh from two days beforehand, when they had browsed in the store without purchasing anything. Zarbaugh notified store manager Joe Hardin that the two men had returned. Hardin eventually went outside and took down the license number of the Chevy Lumina used by the three individuals, which had caught his attention earlier, when he had noticed the lack of a front license plate.
 {¶ 3} In the meantime, Williams procured a shopping cart, while Kesbeh obtained a smaller shopping basket. Appellant stayed with Williams, who began hiding store items inside an empty box for a barbecue grill. Kesbeh would periodically bring his basket of items over to the cart. Eventually, Williams proceeded alone to the checkout area. The box was scanned by a cashier, and Williams paid the $34.99 price for the "grill." However, store manager Joe Hardin followed Williams outside the store, where she was seated alone inside the Lumina. Pretending to be checking Williams' purchase for damage, Hardin was able to get the box back. He looked inside and recovered approximately forty items of store merchandise, totaling more than $1800.00, which had been hidden in the box in lieu of the actual grill.
 {¶ 4} Williams thereupon reentered the store with Hardin. Williams spoke briefly with Kesbeh and appellant. While Hardin was contacting the police, Williams left the store, along with Kesbeh and appellant. A Reynoldsburg police officer, Jeremy Severance, spotted the Lumina near Taylor Avenue and Route 256, down the road from the store. He effectuated a stop of the vehicle, and found Williams, Kesbeh and appellant inside, with appellant in the driver's seat.
 {¶ 5} On August 29, 2003, the Fairfield County Grand Jury indicted appellant on one count of felony theft, in violation of R.C. 2913.02. Appellant entered a plea of not guilty, and the matter proceeded to a jury trial on January 6 and 7, 2004. At the close of the State's case, appellant moved for acquittal pursuant to Crim.R. 29, which the court denied. The jury later returned a guilty verdict on the charge of complicity to commit theft, R.C. 2923.03. Appellant was sentenced to eight months in prison, with credit for time served, and was fined $500 plus costs.
 {¶ 6} Appellant timely filed a notice of appeal, and herein raises the following three Assignments of Error:
 {¶ 7} "I. The state of ohio presented insufficient evidence to sustain a conviction for complicity to commit theft and the trial court erred as a matter of law in denying the defendant's criminal rule 29 motion for judgment of acquittal.
 {¶ 8} "II. The defendant's conviction for complicity to commit theft was against the manifest weight of the evidence.
 {¶ 9} "III. The trial court erred by instructing the jury on complicity under Ohio revised Code Sec. 2923.03(A)(3)."
 I. {¶ 10} In his First Assignment of Error, appellant argues that his conviction for complicity to commit theft is not supported by sufficient evidence. We disagree.
 {¶ 11} In considering an appeal concerning the sufficiency of the evidence, our standard is as follows: "* * * [T]he inquiry is, after viewing the evidence in the light most favorable to the prosecution, whether any reasonable trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks
(1991), 61 Ohio St.3d 259, 273, 574 N.E.2d 492.
 {¶ 12} 2923.03(A)(2) and (A)(3) provide: "No person, acting with the kind of culpability required for the commission of an offense, shall * * * [a]id or abet another in committing the offense [or] * * * [c]onspire with another to commit the offense in violation of section 2923.01 of the Revised Code." To support a conviction for complicity by aiding and abetting pursuant to R.C. 2923.03(A)(2), the evidence must show that the defendant supported, assisted, encouraged, cooperated with, advised, or incited the principal in the commission of the crime, and that the defendant shared the criminal intent of the principal. Such intent may be inferred from the circumstances surrounding the crime. State v. Johnson
(2001), 93 Ohio St.3d 240, syllabus.
 {¶ 13} There is no dispute that appellant and Williams entered the store together, and Zarbaugh saw both of them at one point pushing the shopping cart. Tr. at 198. Zarbaugh also heard the distinctive sound of tape being ripped from a box, and later a grill was found inside the store, minus its box. During the episode, Kesbeh and appellant approached Zarbaugh and asked to apply for a credit card, even though appellant could not provide any identification. Hardin later testified that he was "100 percent" certain that appellant was acting in concert with Kesbeh and Williams. Tr. at 262. Hardin also noted the three individuals were in the store for approximately thirty minutes. Tr. at 261. Moreover, after Williams came back inside with Hardin and held a brief conversation with Kesbeh and appellant, the three walked out together.
 {¶ 14} Additionally, by analogy, driving a "getaway car" after a robbery has been held to have served as sufficient basis for a conviction of aiding and abetting the commission of the robbery. See State v. Farr
(March 4, 1992), Summit App. No. 15213. Officer Severance testified that he was dispatched to the area, and spotted the Lumina matching Hardin's description at the intersection of Taylor Road (which is where Gander Mountain is located) and Route 256. Tr. at 306. Severance made a U-turn and stopped the vehicle at a Shell gas station on Route 256. Although Severance did not specify how far from the store this took place, Hardin became aware of the stop within ten to fifteen minutes after appellant, Kesbeh, and Williams left the store. Tr. at 262.
 {¶ 15} Appellant argues that there was insufficient proof of his "active participation" in the actions of Williams and Kesbeh at Gander Mountain.[1] He notes that none of the State's witnesses directly observed appellant himself place any items in the grill box. He also challenges as mere opinion Hardin's testimony concerning appellant's role as a "lookout," contending that Hardin revealed no observation of corresponding actions or furtive movements on appellant's part. Furthermore, appellant maintains, although Officer Severance later stopped the Lumina, which was registered to Kesbeh, noticing appellant as the driver, there was no direct evidence presented that appellant actually drove the car from the store parking lot. Nonetheless, taken in its totality, we find the evidence presented was sufficient to prove appellant was more than just an innocent bystander, but instead participated as an aider and abettor of the theft perpetrators. Ohio law recognizes that circumstantial evidence is sufficient to prove the essential elements in a criminal case. State v. Willey (Nov. 24, 1998), Guernsey App. No. 98 CA 6, 1999 WL 3962, citing State v. Hopfer (1996),112 Ohio App.3d 521, 558, 679 N.E.2d 321. "The only notable exception to this principle is where the inference between the facts proven and the facts sought to be proven is so attenuated that no reasonable mind could find proof beyond a reasonable doubt." Id., citing State v. Griffin
(1979), 13 Ohio App.3d 376, 377-378, 469 N.E.2d 1329.
 {¶ 16} Accordingly, upon review of the record and transcript in a light most favorable to the prosecution, we find that a reasonable finder of fact could find the elements of the crime of complicity to commit theft, proven beyond a reasonable doubt.
 {¶ 17} Appellant's First Assignment of Error is therefore overruled.
 II. {¶ 18} Appellant next argues that his complicity conviction is against the manifest weight of the evidence. Our standard of review on a manifest weight challenge to a criminal conviction is stated as follows: "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v.Martin (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717. See, also,State v. Thompkins (1997), 78 Ohio St.3d 380, 678 N.E.2d 541. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175, 485 N.E.2d 717.
 {¶ 19} Clearly, a defendant's mere non-participatory association with an offender is distinguishable from aiding and abetting. See, e.g., Statev. Sims (1983), 10 Ohio App.3d 56, 58-9. Nonetheless, upon review of the evidence as recited in the First Assignment of Error, we find the jury reasonably inferred criminal aiding and abetting from appellant's activity, which was more than mere association with Kesbeh and Williams. This activity included his two unhurried visits with Kesbeh to a somewhat specialized store,[2] his request for a credit card application without any identification, his observed pushing of Williams' shopping cart, and his presence in the driver's seat of the getaway vehicle shortly after the car departed. Accordingly, we are unpersuaded by appellant's contention that the jury clearly lost its way and that the verdict led to a manifest miscarriage of justice. Furthermore, as we have often emphasized, the triers of fact, as opposed to this Court, are in a far better position to weigh the credibility of witnesses. State v. DeHass
(1967), 10 Ohio St.2d 230, 227 N.E. 2d 212. We hold the jury's verdict was not against the manifest weight of the evidence.
 {¶ 20} Appellant's Second Assignment of Error is therefore overruled.
 III. {¶ 21} In his Third Assignment of Error, appellant contends the trial court erred in instructing the jury under R.C. 2923.03(A)(3). We disagree.
 {¶ 22} The trial court in the case sub judice instructed the jury that appellant could be found guilty of complicity to commit theft either through R.C. 2923.03(A)(2) or R.C. 2923.03(A)(3). Specifically, the trial court instructed:
 {¶ 23} "[T]he law that applies to this case . . . reads as follows . . . Revised Code 2923.03 — Complicity: No person, acting with the kind of culpability required for the commission of an offense, in this case, purposely, shall aid or abet or conspire with another in committing the offense." Tr. at 361-362.
 {¶ 24} Appellant essentially contends the jurors could conceivably have found that he conspired by planning or aiding in planning the commission of the theft offense, particularly in light of the testimony that appellant and Kesbeh were in the store two days before the offense. We note R.C. 2923.03(A)(3), the text of which is recited above in our analysis of appellant's First Assignment of Error, cross-references R.C.2923.01, which defines the offense of conspiracy to commit only specific crimes, none of which include the charge of basic theft.
 {¶ 25} The record indicates that appellant did not object to the trial court's above instruction. Crim.R. 30(A) provides, in pertinent part: "* * * On appeal, a party may not assign as error the giving or the failure to give any instructions unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objection. * * *" We must therefore analyze this matter under a plain error analysis pursuant to Crim.R. 52(B), which provides as follows: "(B) Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Notice of plain error is to be taken with utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice. State v. Long (1978), 53 Ohio St.2d 91, paragraph three of the syllabus. To rise to the level of plain error, it must appear on the face of the record not only that the error was committed, but that except for the error, the result of the trial clearly would have been otherwise and that not to consider the error would result in a clear miscarriage of justice. State v. Bock (1984), 16 Ohio App.3d 146,150.
 {¶ 26} Upon review of the record in this matter, particularly the evidence pertaining specifically to appellant's aiding and abetting activity, we are unpersuaded the jury's verdict clearly would have been different but for the alleged instruction error. Accordingly, appellant's Third Assignment of Error is overruled.
 {¶ 27} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Fairfield County, Ohio, is hereby affirmed.
Wise, J., Gwin, P.J., and Hoffman, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Fairfield County, Ohio, is affirmed.
Costs to appellant.
[1] Sidebars in the transcript lead us to conclude that Williams was subpoenaed as a prosecution witness, but failed to appear at the trial.
[2] Hardin testified that his customers generally are hunters, campers, or fishers, "and they're usually in for a purpose." Tr. at 290. He distinguished Gander Mountain from a typical department or grocery store where customers buy in larger quantity. Id.